JOHN WIGHT, INC., a Corporation, Plaintiff and Appellant, v. OLE E. NORSKOG and ADOLPH NORSKOG, Defendants and Respondents, and SHELL OIL COMPANY, a Corporation, Intervenor and Defendant.

No. 11335.
Submitted February 16, 1968. Decided March 13, 1968.
Rehearing Denied March 27, 1968.
438 P.2d 550.

Daryle E. Engebregson, Las Vegas, Nev., Loble, Picotte & Loble, Helena, Gene A. Picotte (argued), Helena, for appellant.

John D. Lawyer (argued), Denver, Colo., John M. Schiltz (argued), Billings, Raymond Hildebrand, Glendive, for respondents.

MR. JUSTICE CASTLES, delivered the Opinion of the Court.

This is an appeal by the plaintiff from an adverse judgment in an action brought to quiet title to certain oil and gas royalty interest. The action was brought against Adolph Norskog, who was subsequently realigned as a party plaintiff, and Ole E. Norskog. Shell Oil Company moved to intervene and the motion was granted.

Upon the trial, at the close of plaintiff's evidence, the defendants moved for dismissal under Rule 41(b), M.R.Civ.P., on the ground that the plaintiff had shown no right to relief. The motion was granted and judgment entered for defendants. Plaintiff John Wight, Inc., appeals this judgment.

Appellant has stipulated that as to intervenor, Shell Oil Company, and respondent Ole E. Norskog, it waives any claim for royalty payments made prior to October 31, 1965. Appellant has also waived any claims for interest upon impounded royalties and upon previous royalties actually paid to Ole E. Nor-

24

skog. This stipulation results in causing the status of Shell Oil Company to become that of a stakeholder.

Appellant also stipulates that the only remaining issue for determination by this court is whether the record title of the disputed interests is in the appellant or in the respondent Ole E. Norskog.

The chain of title begins with an oil and gas prospecting permit issued by the United States to Adolph Norskog on December 5, 1927, covering the lands here involved. On March 8, 1928, pursuant to a prior contract with John Wight, Adolph Norskog executed an agreement which is identified in this cause as Plaintiff's Exhibit C. This instrument granted John Wight a power of attorney to deal with the prospecting permit. Further it provided that Adolph Norskog "does hereby sell, convey, transfer and deliver unto * * * [John Wight] one-half in all their right, title and interest in and to the oil and gas, and permit covering the lands above described or to such portion thereof as * * * [Adolph Norskog] may obtain a permit or title to."

On March 8, 1928, John Wight executed an operating agreement with one Herbert Stokes which transferred the interest in the oil and gas and permit to him and reserved to Adolph Norskog a 7½ percent and a 2½ percent overriding royalty. It is our understanding that appellant is not claiming that this instrument only transferred Adolph Norskog's ½ interest in the permit. Therefore, this instrument transferred to Herbert Stokes the total interest in the permit save and except the interest reserved to the United States and the reserved overriding royalty to Adolph Norskog.

Also, on March 8, 1928, Adolph Norskog executed an instrument, here identified as Plaintiff's Exhibit E which granted one-half of the reserved overriding royalties to John Wight.

Again on March 8, 1928, Adolph Norskog executed an instrument granting one-fourth of the reserved overriding royalties above to Ole E. Norskog.

· On May 11, 1935, Adolph Norskog granted to Ole E. Norskog "an additional one-fourth (¼) of seven and one-half per centum (7½%) to the one-fourth (¼) of seven and one-half per centum (7½%) royalty assigned March 8, 1928 * * *."

John Wight subsequently assigned his purported interest in the reserved overriding royalties to John Wight, Inc.

It is appellant's position that Plaintiff's Exhibit C granted John Wight a ½ interest in the reserved overriding royalties. Further, that Plaintiff's Exhibit E granted John Wight the remaining ½ interest in the said royalties.

■ The first question which we must answer is, what is the character of the interest granted to John Wight by Plaintiff's Exhibit C? The instrument granted "one-half in all their right, title and interest in and to the oil and gas, and permit * * *." The plain meaning of that phrase is that John Wight received one-half of whatever interest was in Adolph Norskog. Adolph Norskog had the total interest in the permit subject only to certain royalties payable to the United States which interests are not material here. Thus, John Wight got one-half of the total interest by virtue of Plaintiff's Exhibit C. This interest is commonly termed the "working interest." At this time there was no overriding royalty in existence.

■ The next question is what is the character of an overriding royalty. The overriding royalty is an interest carved out of the larger "working interest." See Sullivan, Assignments by the Landowner and the Lessee, 17 Mont.L.Rev. 75. It finds its parallel in the law of real property in the other lesser interests in real property, for example, life estates. A life estate is an interest carved out of a fee simple. A transfer of a fee simple interest would give the right to grant a life estate but until it is created the life estate is not dealt with separately. The right to create a life estate is an aspect of the fee simple interest and the grantor cannot be said to have any interest in a life estate subsequently created by the grantee unless the grantor has reserved such a right in his transfer.

26

■ Similarly here the owner of the "working interest" has the right to create new and lesser interest but until it is created it is not dealt with separately and the right to create passes with the transfer of the "working interest."

■ The final question is does the transfer of one-half of the "working interest" transfer a right to one-half of any overriding royalties *subsequently created* when such a right is not reserved in the subsequent transfer. It should be pointed out that John Wight executed this instrument for Adolph Norskog and thus he could have reserved one-half of the overriding royalties to himself in the same instrument in which he reserved them for Adolph Norskog. Since John Wight had one-half of the "working interest" he could transfer that to Herbert Stokes. Under his power of attorney he could transfer Adolph Norskog's one-half interest. A transfer of the "working interest" with nothing reserved would mean neither of the two transferrers had any further interest in the property. With the reservation of the overriding royalty to Adolph Norskog a new interest was created. Since it was not in existence at the time of the execution of Plaintiff's Exhibit C that instrument gave no interest in the overriding royalties separate from the larger "working interest" subsequently transferred to Herbert Stokes.

We find that Plaintiff's Exhibit C did not grant a one-half interest in the overriding royalties to John Wight. The operating agreement of March 8, 1928, transferred 100 percent of John Wight's interest to Herbert Stokes. After the execution of that operating agreement no interest was left in John Wight. Any interest he later had came to him from the transfer by Adolph Norskog in Plaintiff's Exhibit E.

Appellant spends much time discussing Aronow v. Bishop, 107 Mont. 317, 86 P.2d 644 (1938). That case is not authority for the proposition that a transfer of the "working interest" must also mention overriding royalties not yet in existence or some interest in them will remain in the transferrer.

■ The final issue with which we must deal is the language

in the instrument of May 11, 1935, which granted to Ole E. Norskog a one-fourth interest in the 7½ percent overriding royalty. It is contended that the one-fourth interest in the 2½ percent overriding royalty was not assigned to Ole E. Norskog. We do not have to decide the question for even if the interest was not transferred the ownership would be in Adolph Norskog and he has not appealed the decision of the lower court.

For the foregoing reasons the judgment appealed from is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES ADAIR, HASWELL and JOHN CONWAY HARRISON, concur.